UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23507-CV-GOLD [LEAD CASE]
*This document to be docketed in Case Nos. 10-23507-CV-GOLD;
10-23508-CV-GOLD; 10-23509-CV-GOLD; 10-23511-CV-GOLD*

MICCOSUKEE TRIBE OF INDIANS
OF FLORIDA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION TO STAY
PENDING APPEAL [ECF No. 59]; ORDERING PARTIAL STAY**

THIS CAUSE is before the Court upon Petitioner Miccosukee Tribe of Indians' ("Tribe") Motion to Stay Pending Appeal ("Motion"). **[ECF No. 59]**. The Tribe moves for a stay pending appeal of my August 2, 2011 Order Granting United States' Motion to Deny Petitions to Quash; Findings of Fact and Conclusions of Law ("August 2, 2011 Order"). **[ECF No. 52]**. Having carefully considered the Motion, applicable law, and being otherwise duly advised, I DENY the Motion, except for a two-week partial stay, as set forth below.

**I.    Background**

This consolidated case involves Internal Revenue Service ("IRS") summons to various entities seeking production of records ("Records") for accounts belonging to the Tribe. The complete procedural history and factual background of the instant consolidated case, in addition to Case No. 10-CV-21332, is fully set forth in my August 2, 2011 Order, which I expressly incorporate herein and attach as Exhibit "A." **[ECF No. 52]**. On August

2, 2011, following a one-day evidentiary hearing and closing arguments, I issued an omnibus order and Findings of Fact and Conclusions of Law **[ECF No. 52]** ("August 2, 2011 Order"), in which I denied the Tribe's Motions to Quash the summonses issued by the IRS.  On August 30, 2011, the Tribe filed a Motion to Reconsider and to Stay **[ECF No. 53]**.  I issued an Order Denying Motion to Reconsider; Motion to Stay **[ECF No. 55]** on September 12, 2011, which I expressly incorporate herein and attach as Exhibit "B."  I elaborated on the rationale of my August 2, 2011 Order and provided further detail on my holdings as to sovereign immunity.  The Tribe appealed my August 2, 2011 Order **[ECF No. 58]** on October 10, 2011, and filed the instant Motion to Stay Pending Appeal **[ECF No. 59]** the same day.  The United States filed a response to the Motion **[ECF No. 64]**, and the Tribe filed a reply **[ECF No. 66]**.  I held oral argument on the Motion on November 7, 2011.

## II.     Analysis

A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden.  *See, e.g. Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1757, 173 L.Ed.2d 550 (2009) (noting that stay of a final order pending review amounts to "intrusion into the ordinary processes of administration and judicial review"); *Wyatt ex rel. Rawlins v. Sawyer*, 190 F.R.D. 685 (M.D. Ala. 1999)).  To obtain a stay pending appeal, the moving party must show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the stay issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the stay would not be adverse to the public interest. *Valle v. Singer,* 655 F.3d 1223, 1225 (11th Cir. 2011); *see also In re Federal Grand Jury*

*Proceedings (FGJ 91-9), Cohen*, 975 F.2d 1488, 1492 (11th Cir.1992).  Applying these factors, I conclude that the Tribe has not met its burden.

With respect to the first factor, the likelihood of success on the merits, the Tribe argues that it is likely to prevail on its assertion of tribal sovereign immunity and its argument that the IRS summons power may not be used to investigate American Indian tribes.  The Tribe presents arguments and case law that I addressed in my August 2, 2011 Order **[ECF No. 52]** and Order Denying Motion for Reconsideration **[ECF No. 55]**.[1]  More specifically, I rejected that Tribe's argument that tribal sovereign immunity does not bar suits by the United States, applying Eleventh Circuit precedent in *Florida Paraplegic Association v. Miccosukee Tribe of Indians of Florida*, 166 F. 3d 1136 (11th Cir. 1999).  **[ECF No. 52**, **pages 18-22]**.  I also rejected the Tribe's argument that sovereign immunity applies absent an explicit waiver from Congress, and cited to Eighth Circuit case law providing that tribal sovereign immunity did not preclude the United States from obtaining tribal records.  **[*Id.; see also* Case No. 10-21132, ECF No. 23, pages 6-7]**.  Further, I analyzed and rejected the Tribe's argument that the term "person" in Section 7701 of the Internal Revenue Code does not include Indian tribes.  **[ECF No. 52**, **pages 24-26, ECF No. 55**, **pages 7-8]**.  I acknowledge that there is no binding Eleventh Circuit precedent on some of the arguments raised by the Tribe.  Notwithstanding, incorporating the case law and analysis set forth in my prior orders, I conclude that the Tribe has not demonstrated a substantial likelihood of success on the merits.

---

[1] I also addressed the Tribe's sovereign immunity arguments in my Order Granting in Part United States' Motion to Deny Petition to Quash Summons on Ground of Trial Immunity, Overbreadth, and Irrelevance **[Case No. 10-21132, ECF No. 23]**.

I turn next to the second and third factors, injury to the Tribe should the stay not issue, and harm to the United States should the stay issue. The Tribe argues that, should a stay not issue, release of the Records not only provides the IRS "possession and control" over "the inner governmental workings of the Miccosukee Tribe," but also sets precedent that records can be obtained in violation of trial sovereign immunity. The United States, on the other hand, argues that should a stay issue, the United States will be harmed because it will impede investigation and enforcement of tax laws. During oral argument, the United States reaffirmed its position that a stay would potentially allow the statute of limitations to run on collection or assessment as to the individual tribal members who received and did not report distributions from the Tribe. I find the United States' concern in this regard compelling. Therefore, in applying the four-factor test set forth above, I give great weight to the harm to the United States due to possible statute of limitations issues should the United States not timely receive the Records. I also conclude that the public interest factor of the test weighs in favor of the United States, as investigation and enforcement of tax laws are in furtherance of the public interest.

As for the Tribe's contention that it will suffer great injury should a stay not issue, I conclude that, should the Eleventh Circuit reverse my August 2, 2011 Order, it is within the province of that court to formulate a remedy for the Tribe. In *Church of Scientology of California v. U.S.*, the Supreme Court assessed whether the Church's compliance with a summons enforcement order by turning over tapes mooted the Church's appeal as to the lawfulness of the summons. 506 U.S. 9, 113 S.Ct. 447(1992). The Court held that the issue was not moot: "While a court may not be able to return the parties to the *status quo ante* – there is nothing a court can do to withdraw all knowledge or information that IRS

4

agents may have acquired by examination of the tapes – a court can fashion some form of meaningful relief … ." 506 U.S. at 12-13.  Though *Church of Scientology* analyzes whether an issue is moot (not whether a stay should issue), the Supreme Court's reasoning in that case demonstrates that the Eleventh Circuit could frame some remedy (even if not complete) for the harm suffered by the Tribe by unlawful disclosure.  For example, the Eleventh Circuit could order the United States to return the Records and enjoin proceedings against individual Tribe members whose identity was ascertained through the Records.  In sum, applying the factors set forth above, because the Tribe has not established a substantial likelihood of success on the merits, the harm suffered by the United States outweighs the potential injury to the Tribe, and public policy weighs in favor of the United States, I deny the Tribe's request for a stay pending appeal.

However, as discussed with the parties at oral argument, I order a **partial stay** of two weeks from the date of this Order (until November 22, 2011) so that the Tribe may file with the Eleventh Circuit an emergency request for review of this order.  There shall be no stay on the various third parties' accumulation and delivery of the Records to the United States.  Pursuant to the partial stay, though, any Records delivered to the United States must remain physically sealed until November 22, 2011, and the United States (including the IRS and Agent James M. Furnas) shall not review the Records until November 22, 2011, subject to any relief granted by or orders of the Eleventh Circuit.  Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Stay Pending Appeal **[ECF No. 59]** is **DENIED.**

5

2.	There shall be a **PARTIAL STAY** until **November 22, 2011** during which the Records must remain physically sealed and the United States (including the IRS and Agent James M. Furnas) shall not review the Records.

DONE and ORDERED in Chambers in Miami, Florida, this 8th day of November, 2011.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:	United States Magistrate Judge Jonathan Goodman
	Counsel of record